IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOILING CRAB FRANCHISE CO., LLC, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| BOILING CRAB SEAFOOD LLC and | ) | (Jury Demand Endorsed Herein) |
| SHAODON CHEN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Boiling Crab Franchise Co., LLC ("The Boiling Crab" or "Plaintiff"), for its

complaint against defendants, Boiling Crab Seafood LLC d/b/a/ Boiling House Crab Seafood

and Shaodon Chen (collectively, "Defendants"), alleges as follows:

PARTIES

1.      Boiling Crab Franchise Co., LLC is a limited liability company organized and

existing under the laws of the State of California, with its principal place of business located in

Garden Grove, California.  The Boiling Crab operates a chain of restaurants under the trademark

THE BOILING CRAB®, which The Boiling Crab has used since at least as early as 2003, and

offers restaurant services and related products and services under the trademark THE BOILING

CRAB®.

2.      On information and belief, defendant Boiling Crab Seafood LLC is a limited

liability company organized and existing under the laws of the State of Ohio, with its principal

place of business located in Akron, Ohio.  Defendant, after adopting the confusingly similar

trade name Boiling Crab Seafood LLC, opened and began operating a restaurant that is highly

similar in name, menu and concept to The Boiling Crab's THE BOILING CRAB® restaurants,

including by virtue of Defendants' unauthorized use of the BOILING CRAB SEAFOOD

trademark as the name of Defendants' restaurant and the <boilingcrabseafood.com> domain

name in connection with the website for Defendants' restaurant.  After receiving a cease and

desist letter from The Boiling Crab demanding that Defendants discontinue all use of any name,

mark, and domain confusingly similar to The Boiling Crab's valuable THE BOILING CRAB®

name and mark, Defendants began using the confusingly similar marks BOILING HOUSE

CRAB SEAFOOD and BOILING HOUSE while continuing to use the

<boilingcrabseafood.com> domain name.

3.     On information and belief, defendant Shaodon Chen is an individual and resident

of the State of Ohio, with an address of 2510 Romig Rd., Akron, Ohio 44320.  On information

and Belief, Mr. Chen is the sole member, manager, and/or owner of Defendants' Boiling Crab

Seafood LLC, and the registered owner of the <boilingcrabseafood.com> domain name.

JURISDICTION

4.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331

(federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction over trademark actions), 28

U.S.C. § 1338(b) (unfair competition claim joined with a substantial and related claim under the

trademark laws), and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15

U.S.C. § 1051, *et seq*.  The Court also has supplemental jurisdiction over the claims arising out

of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367, because the state law claims arise out of

the same operative facts as the federal claims.  This Court has personal jurisdiction over

Defendants because Defendants reside and do business in this district and jurisdiction.  Personal jurisdiction is also proper over Defendants because Defendants sell and offer for sale goods and services, and otherwise conducts business, including the registration and use of the <boilingcrabseafood.com> domain name, in Ohio, including in this judicial district.

VENUE

5.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because, among other reasons, Defendants transact business within this district and offer for sale in this district goods and services in a manner that infringes The Boiling Crab's trademark rights and has registered and used in bad faith a domain name incorporating and confusingly similar to The Boiling Crab's trademark.  In addition, The Boiling Crab has suffered harm in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

FACTS COMMON TO ALL CLAIMS

**THE BOILING CRAB'S *THE BOILING CRAB*® CHAIN OF RESTAURANTS**

6.     In 2003, The Boiling Crab, through its predecessor in interest, opened its first restaurant under the trademark THE BOILING CRAB®, in California.

7.     Based on the huge popularity and success of The Boiling Crab's THE BOILING CRAB® restaurants, The Boiling Crab has since expanded its chain of THE BOILING CRAB® restaurants to include locations throughout the United States, including 15 THE BOILING CRAB® restaurants in California and THE BOILING CRAB® restaurants in Houston, Texas; Las Vegas, Nevada; Honolulu, Hawaii; and South Miami, Florida.  The Boiling Crab is also actively exploring further expansion of its chain of THE BOILING CRAB® restaurants to additional locations throughout the United States and internationally.  A true and correct copy of

a picture of the exterior of one of The Boiling Crab's longest-operating THE BOILING CRAB®

restaurants is attached hereto as Exhibit A.

8.      The Boiling Crab's THE BOILING CRAB® restaurants offer a unique selection

of Louisiana-style seafood, including blue crab, oysters, Dungeness crab, shrimp, and crawfish

seasoned with THE BOILING CRAB® restaurants' distinctive blends of spices and seasonings.

Customers of THE BOILING CRAB® restaurants are also treated to a singularly enjoyable

dining experience that is characterized by the innovative food presentations, distinctive

restaurant decor, unique menus, and one-of-a-kind dining experience pioneered and provided by

The Boiling Crab's THE BOILING CRAB® restaurants.  A true and correct copy of pictures of

the inside of one of The Boiling Crab's THE BOILING CRAB® restaurants is attached hereto as

Exhibit B.

9.      Further contributing to The Boiling Crab's distinctive appearance and appeal, The

Boiling Crab's unique menus use a distinctive format, contain unique content, and are

distinctively printed.  A true and correct copy of an example of THE BOILING CRAB®

restaurants' unique menu used around the time that Defendants began using its infringing

trademark without authorization is attached hereto as Exhibit C.

10.     THE BOILING CRAB® chain of restaurants has become extremely well known

and respected among consumers, who have come to associate The Boiling Crab's THE

BOILING CRAB® trademark with The Boiling Crab's THE BOILING CRAB® restaurants and

the one-of-a-kind dining experience that The Boiling Crab pioneered and provides.  The Boiling

Crab's THE BOILING CRAB® restaurants have also received unsolicited attention from, and

positive recognition by, the media, which has further contributed to consumers' widespread

recognition of The Boiling Crab's THE BOILING CRAB® restaurants.

11.     Additionally, The Boiling Crab has expended considerable time, effort, and money promoting and advertising its chain of THE BOILING CRAB® restaurants, further contributing to the recognition and success of THE BOILING CRAB® chain of restaurants. Today, The Boiling Crab continues to promote and advertise its THE BOILING CRAB® restaurants.

12.     The Boiling Crab has also used the trademark THE BOILING CRAB® extensively on the internet and, as a result, The Boiling Crab's THE BOILING CRAB® trademark has developed a strong internet presence and recognition by consumers who use the internet.  The Boiling Crab is the registrant of various domain names incorporating, in whole or in part, THE BOILING CRAB® trademark, including <theboilingcrab.com> and <boilingcrab.com>.  The Boiling Crab owns and operates a website at these domain names in order to promote and provide consumers with information concerning The Boiling Crab's chain of THE BOILING CRAB® restaurants.  The Boiling Crab's website makes extensive use of THE BOILING CRAB® trademark and embodies part of the unique look-and-feel of THE BOILING CRAB® dining experience.  A true and correct copy of the home page of The Boiling Crab's website at www.theboilingcrab.com is attached hereto as Exhibit D.

13.     In addition to owning and operating a THE BOILING CRAB® website at www.theboilingcrab.com, The Boiling Crab also uses its trademark THE BOILING CRAB® extensively on the internet through the popular social networking sites Facebook (www.facebook.com/theboilingcrab), Twitter (twitter.com/theboilingcrab), YouTube (www.youtube.com/user/OfficialBoilingCrab) and Instagram (www.instagram.com/boilingcrab/), among others.  In particular, The Boiling Crab maintains these active social media accounts in order to further promote its THE BOILING CRAB®

trademark and to provide information about and promote its chain of THE BOILING CRAB®
restaurants. A true and correct copy of excerpts from the social media page maintained by The
Boiling Crab on Facebook is attached hereto as Exhibit E.

14. Through The Boiling Crab's extensive use, marketing, branding, and promotion
of its THE BOILING CRAB® trademark and THE BOILING CRAB® chain of restaurants, its
trademark THE BOILING CRAB® is recognized by consumers throughout the United States
and around the world, enjoying substantial recognition, goodwill, and association with THE
BOILING CRAB® restaurant chain. The public distinguishes The Boiling Crab's goods and
services from those of others who offer the same or similar goods and services on the basis of its
trademark THE BOILING CRAB®.

**THE BOILING CRAB'S FEDERAL REGISTRATION OF ITS**
***THE BOILING CRAB* TRADEMARK**

15. The Boiling Crab is the owner of the following United States Trademark
Registrations for its THE BOILING CRAB® trademark:

| Mark | Registration No. | Goods & Services |
|:---:|:---:|:---:|
| THE BOILING CRAB | 3256219 | Restaurant Services |
|  | 4174077 | Restaurant Services |
| THE BOILING CRAB | 4491054 | Restaurant Services |
|  | 5374534 | Restaurant Services |

16.     A true and correct copy of The Boiling Crab's federal trademark registrations for these marks are attached hereto as <u>Exhibit F</u>.

17.     The Boiling Crab's federal registration Nos. 3256219 and 4174077 for its THE BOILING CRAB® trademarks have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and constitute conclusive evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

18.     The Boiling Crab's federal registration Nos. 4491054 and 5374534 for its THE BOILING CRAB® trademarks constitute prima facie evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

## DEFENDANTS' INFRINGEMENT OF THE BOILING CRAB'S
## THE BOILING CRAB® TRADEMARK

19.     On information and belief, defendant Chen formed defendant Boiling Crab Seafood LLC on June 21, 2016, for the purpose of operating a restaurant providing seafood using the identical concept pioneered and offered by The Boiling Crab's THE BOILING CRAB® restaurants.

20.     In or about July 2016, long after The Boiling Crab first began using its THE BOILING CRAB® trademarks, Defendants opened and began operating a restaurant that imitates in all material respects the name of The Boiling Crab's THE BOILING CRAB® restaurant chain.  Most blatantly, in a clear effort to confuse consumers into thinking that Defendants are somehow associated or affiliated with The Boiling Crab's THE BOILING

CRAB® chain of restaurants, Defendants closely imitated The Boiling Crab's THE BOILING CRAB® trademark by calling Defendants' restaurant "Boiling Crab Seafood," even though Defendants do not have any affiliation with, or authorization from, The Boiling Crab.  A true and correct copy of a picture of Defendants' first infringing restaurant and unauthorized use of the infringing "Boiling Crab Seafood" mark is attached hereto as <u>Exhibit G</u>.

21.     Defendants also adopted and began using with their knock-off restaurant a "Boiling Crab Seafood" logo that featured the words "Boiling" and "Crab" arranged above and below, respectively, a red crab design.



22.     Defendants also adopted and began using with their knock-off restaurant a seafood concept and menu that imitated The Boiling Crab's distinctive concept and menu.  True and correct copies of pictures of Defendants' menu showing the "Boiling Crab Seafood" mark and logo and showing a "Seafood by Pound" concept, seasoning, and spice level description imitating The Boiling Crab's menu concept and descriptions are attached hereto as <u>Exhibit H</u>.

23.     In July 2016, Defendants also created a "Boiling Crab Seafood Restaurant" social media page on Facebook using the handle @boilingcrabseafoodakron and began using the page to promote and advertise the restaurant services Defendants were providing under the "Boiling Crab Seafood" mark and logo.  A true and correct copy of a screen shot of Defendants' Facebook page is attached hereto as <u>Exhibit I</u>.

24.     On information and belief, at the time Defendants opened and began operating their restaurant under the name "Boiling Crab Seafood" and imitating The Boiling Crab's

distinctive THE BOILING CRAB® logo and menu, and established their "Boiling Crab Seafood Restaurant" Facebook page, Defendants knew of The Boiling Crab's superior rights in the THE BOILING CRAB® marks and knew or should have known that Defendants' unauthorized use of THE BOILING CRAB® mark and logo constitutes a violation of The Boiling Crab's rights in THE BOILING CRAB® marks.  Defendants' infringement of The Boiling Crab's trademark is intentional and willful.

### DEFENDANTS HAVE IGNORED THE BOILING CRAB'S DEMANDS THAT DEFENDANTS STOP INFRINGING THE BOILING CRAB'S *THE BOILING CRAB*® TRADEMARK

25.     On February 21, 2017, counsel for The Boiling Crab sent a letter to Defendants objecting to Defendants unauthorized use of the "Boiling Crab Seafood" mark and logo in connection with restaurant services.  That letter demanded, among other things, that Defendants immediately stop using the trademark THE BOILING CRAB®.

26.     Although Defendants did not respond to the initial letter, on February 27, 2017, defendant Chen registered the domain name <boilingcrabseafood.com> (the "Infringing Domain Name") and thereafter Defendants began using the domain to host a website promoting the restaurant services offered by Defendants under the infringing "Boiling Crab Seafood" mark.  A true and correct copy of a screen capture of Defendants' website at www.boilingcrabseafood.com as it appeared on May 15, 2017, is attached hereto as Exhibit J.

27.     On May 31, 2017, having not heard anything from Defendants in response to the initial letter, counsel for The Boiling Crab sent another letter to Defendants, again objecting to Defendants' unauthorized use of the "Boiling Crab Seafood" mark and objecting to Defendants' registration and use of the Infringing Domain Name.

28. On September 11, 2017, still having not heard anything from Defendants in response to either of the first two letters, counsel for The Boiling Crab sent another letter to Defendants again objecting to Defendants' unauthorized use of "Boiling Crab Seafood" mark, as well as the mark "Boiling House," which had begun to appear on Defendants' website using the Infringing Domain Name together with a notice that Defendants had temporarily closed their restaurant and planned to reopen in a new location in November 2017.

29. On information and belief, Defendants reopened their restaurant at a new location in the Spring or Summer of 2018.

30. Since reopening their restaurant, Defendants have continued to use the "Boiling Crab Seafood" mark, as well as the marks "Boiling House," "Boiling House Crab Seafood," and "Boiling House Crab Seafood" logo:



(collectively, the "Infringing Marks").  A true and correct copy of a picture of Defendants' current infringing restaurant, menu, and unauthorized use of the "Boiling House Crab Seafood" trademark is attached hereto as Exhibit K.

31. Defendants' use of the Infringing Marks for restaurant services is likely to cause confusion, mistake, and deception of consumers as to the source, quality, and nature of Defendants' services and goods, thereby proximately causing injury to The Boiling Crab and its trademark rights.

32. Despite The Boiling Crab's repeated demands that Defendants stop their blatant infringement of The Boiling Crab's THE BOILING CRAB® trademark and bad faith use of the

Infringing Domain Name, Defendants have completely ignored The Boiling Crab's efforts to reach an informal resolution of this matter and continued, unabashedly, with their willful and intentional infringement of The Boiling Crab's THE BOILING CRAB® trademark and bad faith use of the Infringing Domain Name.

33.     Not surprisingly, Defendants' imitation of The Boiling Crab's THE BOILING CRAB® restaurants through unauthorized use of the Infringing Marks has caused actual confusion among consumers.  In part because of the sub-par quality of Defendants' food and service, the confusion caused by Defendants' willful infringement of The Boiling Crab's THE BOILING CRAB® trademark has caused significant injury to the reputation of The Boiling Crab's THE BOILING CRAB® chain of restaurants, including by virtue of negative reviews written about Defendants' infringing restaurant.  For example, in one negative review of Defendants' "Boiling Crab Seafood" restaurant posted to the Yelp! restaurant review page, a customer wrote, "how are you called boiling crab and u don't even serve real butter[?]"



## FIRST CLAIM FOR RELIEF

### (Infringement of a Federally Registered Trademark)

### 15 U.S.C. § 1114(1)

34.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 33, as if set forth fully herein.

35.     This claim is against Defendants for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.     The Infringing Marks used by Defendants are reproductions, counterfeits, copies, or colorable imitations of The Boiling Crab's registered THE BOILING CRAB® marks.

37.     Defendants have used and are using in interstate commerce the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of restaurant services in such a way as is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

38.     The Boiling Crab never consented to or authorized Defendants' adoption or commercial use of the Infringing Marks for any purpose. Defendants therefore have infringed and are infringing The Boiling Crab's THE BOILING CRAB® trademarks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

39.     Upon information and belief, The Boiling Crab alleges that, at all times relevant to this action, including when Defendants first adopted the Infringing Marks and commenced commercial use of the same in connection with restaurant services, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of THE BOILING CRAB® trademarks in connection with restaurant services and related goods and services, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks. Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademark is willful and deliberate.

40.     The Boiling Crab has no control over the quality of Defendants' infringing restaurant services and, because of the source confusion engendered by Defendants' willful trademark infringement, The Boiling Crab's valuable goodwill in and to its federally registered THE BOILING CRAB® trademark is being significantly harmed. Defendants' use of the Infringing Marks, in blatant imitation of The Boiling Crab's THE BOILING CRAB®

trademarks, has caused confusion, mistake, and deception to purchasers as to the source and origin of Defendants' services and products sold under the Infringing Marks.

41.     Defendants' activities are intended, and are likely, to lead the public to conclude, incorrectly, that Defendants' restaurant services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its THE BOILING CRAB® brand, to the damage and harm of The Boiling Crab and the consuming public.  Defendants' activities constitute willful and deliberate infringement of The Boiling Crab's federally registered trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(1).  Accordingly, The Boiling Crab is entitled to recover Defendants' profits, together with The Boiling Crab's damages, increased monetary recoveries as provided by the Lanham Act, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

42.     Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's THE BOILING CRAB® trademarks are a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as dilute the substantial value of The Boiling Crab's THE BOILING CRAB® name and trademarks; and (iii) Defendants' wrongful conduct, and the resulting damages to The Boiling Crab, are continuing.  Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear the Infringing Marks.

43.     The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement of The Boiling Crab's federally registered THE BOILING CRAB® trademarks.

44.     This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful trademark infringement, pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition)**

**15 U.S.C. § 1125(a)**

45.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 44, as if set forth fully herein.

46.     This claim is against Defendants for trademark and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     The Boiling Crab's THE BOILING CRAB® trademarks are nonfunctional and inherently distinctive.  They have acquired secondary meaning in the eyes of the public.

48.     Defendants' use of the Infringing Marks is so similar to The Boiling Crab's THE BOILING CRAB® marks that Defendants are likely to cause confusion, mistake, and/or to deceive the consuming public as to the affiliation, connection, and/or association between The Boiling Crab's THE BOILING CRAB® restaurants and Defendants' restaurant.  Defendants' unauthorized use of THE BOILING CRAB® trademarks infringes The Boiling Crab's THE BOILING CRAB® trademarks, and constitutes unfair competition.  Defendants' unauthorized use of the Infringing Marks also constitutes a false designation of origin of products and services.

49. On information and belief, at all times relevant to this action, including at the time Defendants first adopted and began using without authorization the Infringing Marks, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of its THE BOILING CRAB® marks, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks. Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademarks is therefore knowing, willful, and deliberate.

50. Defendants' activities are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendants' restaurant services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its chain of THE BOILING CRAB® restaurants, to the damage and harm of The Boiling Crab and the consuming public. Defendants' activities constitute willful and deliberate infringement of The Boiling Crab's THE BOILING CRAB® trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a). Accordingly, The Boiling Crab is entitled to recover Defendants' profits together with The Boiling Crab's damages, an increased monetary recovery, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

51. Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's rights in its THE BOILING CRAB® trademarks are unique and valuable property rights which have no readily determinable market value; (ii) Defendants' infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as harm the substantial value of The Boiling Crab's THE BOILING CRAB® trademarks;

and (iii) Defendants' wrongful conduct, and the resulting damages to The Boiling Crab, are continuing.  Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear the Infringing Marks

52.     The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademarks.

53.     This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful trademark infringement, pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Cybersquatting)

### (15 U.S.C. § 1125(d)(1))

54.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 53, as if set forth fully herein.

55.     The Infringing Domain Name is identical or confusingly similar to The Boiling Crab's registered THE BOILING CRAB® trademarks, which were distinctive and/or famous at the time Defendants registered the Infringing Domain Name.

56.     Defendants registered and have used the Infringing Domain Name with a bad faith intent to profit from The Boiling Crab's THE BOILING CRAB® trademarks.

57.     Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

58. On information and belief, at all times relevant to this action, including at the time Defendants first registered and began using without authorization the Infringing Domain Name, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of the THE BOILING CRAB® marks, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks. Defendants' registration and/or use of the Infringing Domain Name is therefore knowing, willful, deliberate, and in bad faith.

59. Accordingly, The Boiling Crab is entitled to recover Defendants' profits together with The Boiling Crab's damages, an increased monetary recovery, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). The Boiling Crab is also entitled, at its election any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000, as the Court considers just.

60. Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's rights in its THE BOILING CRAB® trademarks are unique and valuable property rights which have no readily determinable market value; (ii) Defendants' bad faith use and registration of the Infringing Domain name constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as harm the substantial value of The Boiling Crab's THE BOILING CRAB® trademarks; and (iii) Defendants' wrongful conduct, and the resulting damages to The Boiling Crab, are continuing. Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C.

§ 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear the Infringing Domain Name.

61.     This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful cybersquatting pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under State Law)

62.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 61, as if set forth fully herein.

63.     Defendants' acts as detailed herein have impaired The Boiling Crab's goodwill, have created a likelihood of confusion, are likely to deceive consumers, and have otherwise adversely affected The Boiling Crab's business and reputation by Defendants' use of unfair, fraudulent, and unlawful business practices.  These acts constitute unfair competition and unfair business practices under Ohio common law.

64.     Absent injunctive relief, The Boiling Crab has no means by which to control Defendants' deceptive and confusing use of the Infringing Marks.  The Boiling Crab is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition.

65.     As a direct and proximate result of the aforesaid acts of unfair competition, Defendants have wrongfully profited and taken the benefit of The Boiling Crab's creativity and investment of time, energy, and money.  Defendants have also wrongfully taken monies from consumers as the result of the aforesaid acts of unfair competition.  Defendants should therefore

be ordered to perform full restitution, as permitted by law, as a consequence of their acts of unfair competition.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement Under State Law)

66.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 65, as if set forth fully herein.

67.     Defendants' acts infringe The Boiling Crab's THE BOILING CRAB® trademarks.  Defendants' acts have caused, and are likely to continue to cause, consumer confusion and injury to The Boiling Crab's business and reputation and to dilute the distinctive quality of The Boiling Crab's THE BOILING CRAB® trademarks, and constitute trademark infringement under Ohio common law.  Defendants' acts have been and are the proximate cause of injury to The Boiling Crab.

68.     Absent injunctive relief, The Boiling Crab has no means to stop Defendants' continuing infringement of The Boiling Crab's THE BOILING CRAB® trademarks.  The Boiling Crab is therefore entitled to injunctive relief prohibiting Defendants from continuing the unlawful acts described herein.  The Boiling Crab is also entitled to damages, Defendants' profits, punitive damages, an accounting, costs, attorneys' fees and other damages and monetary relief, all according to proof at trial.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38.1, The Boiling Crab demands a trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, The Boiling Crab prays for entry of a judgment ordering and declaring:

1.       That, preliminarily pending trial of this action and permanently thereafter, Defendants and their agents, servants, employees, successors, licensees and assignees, and all persons, firms, entities, partners, or corporations in active concert or participation with Defendants, are preliminarily and thereafter permanently enjoined from doing, threatening, or attempting to do or causing to be done, either directly or indirectly, by any means, method or device, any of the following acts:

(a)       Directly or indirectly infringing, using, or displaying the trademark THE BOILING CRAB® or any mark similar thereto, including but not limited to the Infringing Marks, in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away any services or products which infringe, use, or display The Boiling Crab's THE BOILING CRAB® trademarks, or any marks similar thereto;

(b)       Using any term that is likely to be confused with The Boiling Crab's THE BOILING CRAB® trademarks;

(c)       Falsely representing, misleading, or deceiving consumers into believing that services or products advertised, promoted, produced, distributed, sold, or offered by sale by Defendants originate from The Boiling Crab or its THE BOILING CRAB® restaurants, or are sponsored, approved, licensed by, or associated with The Boiling Crab or its THE BOILING CRAB® restaurants, or that Defendants or their services or products are in some way associated or affiliated with The Boiling Crab or its THE BOILING CRAB® restaurants;

(d)      Committing any other acts calculated to or that do unfairly compete with The Boiling Crab in any manner;

(e)      Filing or prosecuting any trademark application for the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

(f)      Filing or maintaining any business license, d/b/a, or similar document using the trademark THE BOILING CRAB® or any mark confusingly similar thereto; and

(g)      Registering, using, or trafficking in any trade name or domain name containing or consisting of the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

2.      That Defendants be required to account for all profits derived by them from their trade, infringing conduct, unfair practices and competition, and for an order of restitution of the entire amount of those profits, in amounts to be proven at trial, to The Boiling Crab;

3.      That Defendants be required to turn over to be impounded during the pendency of this action all goods and other materials in their possession, custody, or control used or involved in the trademark infringement complained of herein, and to turn over for destruction all such goods and other materials, or in the alternative that all such items be subject to seizure;

4.      That Defendants be required to transfer to The Boiling Crab all domain names registered to or on behalf of Defendants, or under their control, containing or consisting of the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

5.      That Defendants be ordered to pay all of The Boiling Crab's attorneys' fees, costs, and disbursements incurred in this suit, in bringing this action for the legal enforcement of its trademark rights, and in connection with all efforts to stop Defendants' trademark infringement and unfair competition;

6.      That, in addition to being ordered to pay its profits attributable to the infringing conduct complained of herein to The Boiling Crab, Defendants also be ordered to pay their infringing profits as monetary damages and reasonable royalties, to be increased by the Court by such amount as the Court deems to be just, together with The Boiling Crab's damages, all of which, according to the circumstances of this case, should be increased and trebled as provided by law, including 15 U.S.C. § 1117, and paid to The Boiling Crab;

7.      That Defendants be ordered to pay exemplary or punitive damages to the extent available under, and according to, law;

8.      That Defendants have willfully and deliberately committed acts of trademark infringement and unfair competition against The Boiling Crab;

9.      That Defendants be ordered to pay interest according to law;

10.     That Defendants be ordered to pay the costs of corrective advertising; and

11.     For all such other, further, and different relief that this Court deems just and proper.

/s/ Mark I. Wallach
Mark I. Wallach (Reg. No. 0010948)
Email: mwallach@walterhav.com
Direct Dial: 216-928-2939
John N. Neal (Reg. No. 0075355)
Email: *jneal@walterhav.com*
Direct Dial: 216-619-7866
WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 East 9th Street, Suite 3500
Cleveland, Ohio 44114
Phone:  216-781-1212/Fax:  216-575-0911

Steven E. Klein (*pro hac vice forthcoming*)
Email: stevenklein@dwt.com
DAVIS WRIGHT TREMAINE LLP

1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

*Attorneys for Boiling Crab Franchise Company LLC*