IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOILING CRAB FRANCHISE CO., LLC | ) | CASE No.: 5:19-cv-00333 |
| | ) | |
| Plaintiff, | ) | JUDGE: HON. SARA LIOI |
| | ) | |
| vs. | ) | **DEFENDANTS' ANSWER** |
| | ) | |
| BOILING  CRAB  SEAFOOD  LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Boiling Crab Seafood LLC ("Boiling Seafood") and Shaodong Chen ("Mr. Chen") in answer to the Complaint of Plaintiff, Boiling Crab Franchise Co., LLC ("Plaintiff") hereby state as follows:

PARTIES

1.      Defendants admit the parties in this case are Plaintiff Boiling Crab Franchise Co., LLC., and Defendants Boiling Crab Seafood LLC and Shaodon Chen. Defendants deny all other allegations for want of sufficient information.

2.      Defendants admit Boiling Seafood's LLC status and location in Akron, Ohio. Defendants deny all other allegations in this paragraph.

3.      Defendants admits Mr. Chen's place of residence. Defendants deny all other allegations.

JURISDICTION

4. Defendants admit proper jurisdiction but deny all other allegations in this paragraph.

VENUE

5. Defendants admit proper venue but deny all other allegations in this paragraph.

## FACTS COMMON TO ALL CLAIMS

6. Defendants deny for want of sufficient information.

7. Defendants deny for want of sufficient information.

8. Defendants deny for want of sufficient information.

9. Defendants deny for want of sufficient information.

10. Defendants deny for want of sufficient information.

11. Defendants deny for want of sufficient information.

12. Defendants deny for want of sufficient information.

13. Defendants deny for want of sufficient information.

14. Defendants deny for want of sufficient information.

15. Defendants deny for want of sufficient information.

16. Defendants deny for want of sufficient information.

17. Defendants deny for want of sufficient information.

18. Defendants deny for want of sufficient information.

19. Defendants admit to forming the company on this date. Defendants deny all other allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. Defendants admit to using the depicted logo. Defendants deny all other allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants admit that they created a Facebook page but deny all other allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

25. Defendants deny for want of sufficient information.

26. Defendants admit that they registered a domain name but deny all other allegations in this paragraph.

27. Defendants deny for want of sufficient information.

28. Defendants admit that they closed restaurant "Boiling Crab Seafood." Defendants deny all other allegations in this paragraph.

29. Defendants deny the allegations contained in this paragraph.

30. Defendants admit to using the name "Boiling House." Defendants deny all other allegations.

31. Defendants deny the allegations in this paragraph.

32. Defendants deny the allegations in this paragraph.

33. Defendants deny the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
### (Infringement of a Federally Registered Trademark)
### 15 U.S.C. §1114 (1)

34. Defendants deny the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

36.  Defendants deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants deny the allegations contained in this paragraph.

42. Defendants deny the allegations contained in this paragraph.

43. Defendants deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in this paragraph.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)
### 15 U.S.C. §1125(a)

45. Defendants deny the allegations contained in this paragraph.

46. Defendants deny the allegations contained in this paragraph.

47. Defendants deny the allegations contained in this paragraph.

48. Defendants deny the allegations contained in this paragraph.

49. Defendants deny the allegations contained in this paragraph.

50. Defendants deny the allegations contained in this paragraph.

51. Defendants deny the allegations contained in this paragraph.

52. Defendants deny the allegations contained in this paragraph.

53. Defendants deny the allegations contained in this paragraph.

## THIRD CLAIM FOR RELIEF
### (Cybersquatting)
### (15 U.S.C. § 1125(d)(1))

54. Defendants deny the allegations contained in this paragraph.

55. Defendants deny the allegations contained in this paragraph.

56. Defendants deny the allegations contained in this paragraph.

57. Defendants deny the allegations contained in this paragraph.

58. Defendants deny the allegations contained in this paragraph.

59. Defendants deny the allegations contained in this paragraph.

60. Defendants deny the allegations contained in this paragraph.

61. Defendants deny the allegations contained in this paragraph.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition Under State Law)**

62. Defendants deny the allegations contained in this paragraph.

63. Defendants deny the allegations contained in this paragraph.

64. Defendants deny the allegations contained in this paragraph.

65. Defendants deny the allegations contained in this paragraph.

**FIFTH CLAIM FOR RELIEF**
**(Trademark Infringement Under State Law)**

66. Defendants deny the allegations contained in this paragraph.

67. Defendants deny the allegations contained in this paragraph.

68. Defendants deny the allegations contained in this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

69. Plaintiff's Complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

70. Plaintiffs' claims are barred by lack of injury/damage.

**THIRD AFFIRMATIVE DEFENSE**

71. The Complaint is barred because Defendants' conduct and actions were at all times proper and for legitimate business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

72. Defendants are excused based on the doctrine of fair use.

**FIFTH AFFIRMATIVE DEFENSE**

73. The Complaint is barred by doctrines of waiver, acquiescence, estoppel and laches.

**SIX AFFIRMATIVE DEFENSE**

74. Plaintiff's losses and/or damages, if any, were directly and proximately caused by

an unforeseeable, intervening, superseding and/or contributing cause and/or person/entity for which Defendant bears no responsibility.

## SEVEN AFFIRMATIVE DEFENSE

76. Defendants serve notice that they intend to rely upon and assert all defenses that may become known or available during the course of discovery in this proceeding and hereby reserve the right to amend this Answer and these Affirmative Defenses to assert any and all such defenses.

**WHEREFORE**, having fully answered, Defendants Boiling Crab Seafood LLC and Shaodon Chen hereby pray that the Complaint of Boiling Crab Franchise Co., LLC be dismissed at Plaintiff's costs.

Respectfully submitted,

/s/ Lei Jiang
Lei Jiang (0084847)
Lei Jiang LLC
26943 Westwood Rd.,
Westlake, OH   44145
(440)835-2271
(440)835-2817 Fax
ljiang@LeiJiangLaw.com
Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the original foregoing document has been served on this __26th____ Day of March, 2019, via Court's electronic system. All parties and/or their attorneys will be notified through the Court's electronic filing system.

/s/ Lei Jiang_____
Lei Jiang, Esq.
Attorney for Defendants
